| | | |
|---|---|---|
| LESLIE NASSER ASR, **Individually and as parent of minor Child DM,** | ) ) ) ) | |
| **Plaintiff,** | ) ) | |
| vs. | ) ) | |
| **KAREN EADY WILLIAMS, MECKLENBURG COUNTY COURTHOUSE,** | ) ) ) ) | **ORDER** |
| **Defendants.** | ) ) ) | |

**THIS MATTER** comes before the Court on a Motion to Dismiss by Defendant Karen

Eady-Williams.  (Doc. No. 7).

## I.    BACKGROUND AND DISCUSSION

Plaintiff Leslier Nasser Asr, individually as the parent of minor child DM, commenced

this action on March 6, 2020, naming as Defendants Judge Eady-Williams and the "Mecklenburg

County Courthouse."  At all relevant times, Defendant Eady-Williams was serving in her

capacity as a Superior Court Judge for North Carolina's 26th Judicial District.

Plaintiff's claims against Judge Eady-Williams arise from a June 12, 2019, hearing to

approve a minor settlement agreement before Judge Eady-Williams during a civil superior court

session in Mecklenburg County, North Carolina.  (Doc. No. 1; ¶¶ A. 1, 3).  Plaintiff asserts that

during the hearing, Judge Eady-Williams collaborated with the other party and Plaintiff's

attorney in the minor settlement to conspire against and deprive Plaintiff of a fair trial.  (Id. at ¶

A. 4).  Plaintiff asserts the following claims against Judge Eady-Williams: (1) conspiracy, fraud,

1

racial discrimination, and harassment, and violating Plaintiff's right to having a fair trial; (2)

defamation/slander and violation of a human right by discrimination and harassment; (3) fraud

and violation of a human right; and 4) falsifying, conspiracy, and violating a human right.   For

relief, Plaintiff seeks compensatory, treble, and punitive damages.

On March 30, 2020, Defendant Judge Eady-Williams filed a motion to dismiss for failure

to state a claim under Rule 12(b)(1), Rule 12(b)(2), and Rule 12(b)(6) of the Federal Rules of

Civil Procedure.  (Doc. No. 7).  On the same day, the Court ordered Plaintiff to respond, advising

Plaintiff that "failure to file a timely response will likely lead to dismissal of the claims against

Defendant."  (Doc. No. 9).  Despite seeking and obtaining extensions of time, Defendant has not

responded to the motion to dismiss, and the time to do so has passed.  Thus, the matter is ripe for

disposition.

First, as to Plaintiff's claim against Judge Eady-Williams, it is well established that

judges, in exercising the authority vested in them, are absolutely immune from civil lawsuits for

money damages.[1]  Dean v. Shirer, 547 F.2d 227, 231 (4th Cir. 1976).  Judicial immunity applies

to judicial action taken in error, done maliciously, or in excess of authority.  Stump v. Sparkman,

435 U.S. 349, 355–56 (1978).  An act by a judge is "judicial" when it is "normally performed by

a judge and ... the parties dealt with the judge in his judicial capacity."  King v. Myers, 973 F.2d

354, 357 (4th Cir. 1992).  And there is no absence of jurisdiction when, at the time the judge

---

[1]  Plaintiff does not indicate the capacity in which she asserts claims against Judge Eady-
Williams in this lawsuit.  To the extent that Plaintiff asserts claims for monetary relief against
Judge Eady-Williams in her official capacity, those claims are barred by the Eleventh
Amendment.  Furthermore, although judicial immunity extends only to requests for money
damages, as opposed to injunctive relief, Plaintiff here does not seek injunctive relief.  In any
event, even if she did, the Court would dismiss those claims based on federal abstention
principles.

2

took the challenged action, she had jurisdiction over the subject matter before her.  Stump v. Sparkman, 435 U.S. 349, 356 (1978) (jurisdiction in this context "must be construed broadly").

Here, Plaintiff's claims against Judge Eady-Williams concern judicial actions and decisions that she made concerning a minor settlement agreement and entering an Order approving the minor settlement agreement.  In North Carolina, the courts have inherent authority over the property of infants and will exercise this jurisdiction whenever necessary to preserve and protect children's estates and interests.  Creech v. Melnik, 147 N.C. App. 471, 477 (2001). Plaintiff's claims against Judge Eady-Williams must be dismissed based on absolute judicial immunity.[2]

The only other named Defendant is the "Mecklenburg County Courthouse," which is not a distinct legal entity capable of being sued.  FED. R. CIV. P. 17(b).  Therefore, to the extent that Plaintiff has named the "Mecklenburg County Courthouse" as a Defendant, Plaintiff's claims as to this Defendant are also dismissed.

**III.    CONCLUSION**

For the reasons stated herein, Plaintiff's action is dismissed as to all Defendants.

**IT IS, THEREFORE, ORDERED** that:

(1)  Defendant's Motion to Dismiss, (Doc. No. 7), is **GRANTED**, and this matter is

---

[2]   Plaintiff asserts that subject matter jurisdiction in this action is based on 28 U.S.C. § 1332. Although Defendant has not moved to dismiss based on lack of subject matter jurisdiction, it also appears that the Court lacks subject matter jurisdiction because complete diversity of citizenship appears to be lacking on the face of the Complaint and the pleadings, and Plaintiff has also not asserted that her claims amount to more than $75,000.  The Court may order dismissal on the motion of a party or sua sponte when it appears that there is no basis for subject matter jurisdiction.  FED. R. CIV. P. 12(b)(1), 12(h).  Thus, it appears that this matter is alternatively subject to dismissal based on lack of subject matter jurisdiction.

3

dismissed with prejudice.

(4) The Clerk is directed to terminate this action.

Signed: October 19, 2020

Max O. Cogburn Jr.
United States District Judge